# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **FREDERICK JOHNSON** | **CIVIL ACTION NO. 26-0585** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN JERGENS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Frederick Johnson, a pre-trial detainee at Ouachita Parish Correctional Center proceeding pro se and in forma pauperis, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on February 19, 2026.[1]  For reasons below, the Court should dismiss Petitioner's petition.

## Background

The State of Louisiana is prosecuting Petitioner on criminal charges in the Fourth Judicial District Court, Ouachita Parish (25-CR-1914).  [doc. # 1, p. 2].

Suggesting that he is being denied a speedy trial, Petitioner claims that he has been incarcerated for eleven months and the trial court has yet to arraign him on all charges.[2]  [doc. # 1, p. 6].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] *See Amir-Sharif v. Commissioners of Dallas, Tex.*, 2007 WL 1138806, at *2 (N.D. Tex. Apr. 17, 2007) ("In *County v. Riverside v. McLaughlin,* 500 U.S. 44, 57, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), the Supreme Court held that a determination of probable cause for an arrestee's continued confinement by a judicial officer must ordinarily be made within 48 hours of the person's arrest. However, there is no correlative right to a speedy arraignment."); *see also State v. Williams*, 2025-00575, 420 So. 3d 674 (La. 10/14/25) (observing that in Louisiana, release from

Petitioner next claims that "the trial court has failed to set bond." [doc. # 1, p. 6].  He has repeatedly asked the trial court to set a bond, but the trial court has not held a hearing on any of his motions.  *Id.* at 5-6.  He has not attempted to seek relief from any state appellate court.  *Id.* at 2-7].

For relief, Petitioner seeks release from confinement free from "all bond obligations." [doc. # 1, p. 7].

### Law and Analysis

**1. Speedy Trial**

Petitioner does not ask this Court to order the State or the state trial court to bring him promptly to trial.  Rather, he seeks habeas corpus relief: release from incarceration.  In other words, he does not seek to enforce the State's obligation to promptly provide him a state court forum, he seeks to forestall the state prosecution.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

There is "an important distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial.  This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second.  While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement

---

detainment is the remedy for failing to timely file an indictment or bill of information, but noting that "[n]o such remedy is provided in [LA. CODE CRIM. PROC. art. 701] for a trial court's failure to arraign a defendant within thirty days, as required by subpart C.").

of exhaustion of state remedies still must be met." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th

Cir. 1976) (internal quotation marks and quoted sources omitted).

"[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a

state is barred from trying him because it has violated his sixth amendment right to a speedy

trial." *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987). "[F]ederal habeas corpus

does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to

a state criminal charge prior to a judgment of conviction by a state court."[3] *Braden*, 410 U.S. at

489; *see also Easterly v. Smith*, 30 F.3d 1491 (5th Cir. 1994).

In *Dickerson*, the Fifth Circuit indicated that there are two possible "frameworks" to

apply when a petitioner claims that a state is "barred from trying him because it has violated his

sixth amendment right to a speedy trial": (1) that "federalism concerns" dictate that such a claim

is simply "not attainable through federal habeas corpus"; or (2) that "the exhaustion

requirement" necessitates a trial on the merits before a petitioner can bring such a claim.

*Dickerson*, 816 F.2d at 226. The *Dickerson* court then suggested that either framework was

---

[3] The Fifth Circuit "has not clarified what 'special circumstances' might warrant an exception from this rule." *Hartfield v. Osborne*, 808 F.3d 1066, 1070 (5th Cir. 2015). That said, in *Dickerson*, the court noted: "In his dissent in *Braden,* Justice Rehnquist suggests that pre-trial habeas which interferes with state criminal processes is justified when there is a 'lack of jurisdiction, under the Supremacy Clause, for the state to bring any criminal charges against the petitioner.' We need not decide in this case whether this might be the only situation in which pre-trial habeas is available." *Dickerson*, 816 F.2d at 226 (internal citation omitted). In another opinion, the Fifth Circuit opined: "In the somewhat analogous area of abstention a pending state criminal prosecution will not be enjoined absent 'very unusual situations, . . . necessary to prevent immediate irreparable injury.' Irreparable injury will not ordinarily be deemed to be present where the threat to the plaintiff's federally protected rights can be eliminated by the defense of a single criminal prosecution. Furthermore, special circumstances are not necessarily established by the alleged infallibility of the federal claim. Indeed, without reaching the merits of appellant's constitutional argument we take note of the fact that if her position is as clearly correct as she suggests, the Florida courts are surely capable of recognizing and vindicating her position." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (internal footnotes omitted).

3

acceptable because "[r]egardless of which framework of analysis is used, however, the result is the same: pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." *Id.*  But thereafter the court appeared to rely on the latter 'framework' above, stating that the petitioner failed to present any special circumstances to "obviate the *exhaustion requirement*" of a "judgment of conviction[.]"  *Id.* at 226-27 (italics added).  The court also stated that it would not consider the merits of the petitioner's claim "before he has been tried."

A petitioner seeking federal habeas corpus relief must first exhaust all available state remedies.[4]  *See Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983).  If the record, or the face of the federal habeas corpus petition, reveals that the petitioner has not complied with the exhaustion requirement, courts are expressly authorized to dismiss the petition.  *See Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984); *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).

Here, Petitioner has yet to have a trial on the merits or be convicted, and he does not identify any 'special circumstances' which would require the Court to except him from this initial step of the exhaustion requirement (i.e., a judgment of conviction).  *See Easterly*, 30 F.3d at 1491.  The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' which would obviate the exhaustion requirement."  *Id.*; *Dickerson*, 816 F.3d at 227 (declining to accept the argument "that the sixth amendment right to a speedy trial is a per se 'special circumstance' because to do so would eliminate the careful distinction . . . between a

---

[4] "[I]t has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention." *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017).

defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial.").

Because Petitioner has yet to have a trial, his claim is unexhausted.[5]  Accordingly, the Court should abstain from interfering in Petitioner's state court proceeding and should, consequently, dismiss this claim.[6]

**2. Bond**

The Court should also abstain from Petitioner's remaining claim that the trial court has "failed to set bond."  Federal courts should abstain "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."  *Dickerson*, 816 F.2d at 225.

While the thrust of the court's opinion in *Dickerson* concerned a Sixth Amendment speedy trial claim, the petitioner there also argued that his pre-indictment delay violated his "due process rights under the fourteenth amendment . . . ."  *Id.* at 223.  The court opined:

> The fact that the due process clause plays some role in protecting against the prejudice of preindictment delay, however, does not mean that a petition for habeas corpus relief filed before commencement of the defendant's trial is the proper vehicle to protect this right. We believe that the same federalism reasons that prevent a defendant's sixth amendment claims from "derailing" a pending state proceeding unless "special circumstances" exist also renders pretrial habeas corpus relief an inappropriate vehicle to consider the merits of Dickerson's due process claim. Dickerson can present both his fourteenth

---

[5] Even assuming *arguendo* that Petitioner asked this Court to order the State to grant him a prompt trial (he does not), he has not exhausted any such claim.  Petitioner does not indicate that he petitioned—or asked his counsel (if any) to petition—the state appellate courts to bring him promptly to trial.

[6] The *Dickerson* court concluded that the petitioner failed to *exhaust* his claims.  That said, exhaustion is a form of judicial abstention: "The exhaustion doctrine . . . was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Dickerson*, 816 F.2d at 225.

> amendment due process claim as well as his sixth amendment speedy trial claim in the state court at trial where they can be considered.

*Id.*

Here, Petitioner clearly seeks to 'disrupt the orderly functioning of state judicial processes' or to otherwise 'derail' or 'abort' his pending state-court proceeding, seeking release from confinement free from any bond obligations. Pre-trial habeas corpus is not an appropriate means by which to consider the merits of this claim.[7]

While federal *habeas* relief may be available prior to trial or conviction if "special circumstances" exist, Petitioner's filings do not reveal any special circumstances. "Federal habeas corpus should not be used as a 'pretrial motion forum for state prisoners.'" *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (quoting *Braden*, 410 U.S. at 508).

Petitioner suggests that the state trial court refuses to adjudicate his claim. To this extent Petitioner can seek relief before the appropriate state appellate court, before the Supreme Court of Louisiana, and via post-conviction review in the state courts. A habeas corpus remedy in federal court remains available to Petitioner "after the conclusion of the state proceedings against

---

[7] Even assuming *Dickerson* only applied to affirmative defenses—for instance, cases in which petitioners seek to abort state court trials due to alleged speedy-trial or double-jeopardy violations—the undersigned would recommend that the Court abstain under *Younger v. Harris*, 401 U.S. 37 (1971), which is not limited to proceedings in which petitioners seek relief grounded in affirmative defenses. Also, the undersigned would recommend applying *Younger* even though Petitioner seeks dismissal of his charges and release from confinement rather than the precise injunction the plaintiff sought in *Younger*. In *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977), the court opined: "We do not believe that the mere fact that the relief sought by Petitioner here federal habeas relief prior to a pending state criminal trial is different from the type of relief sought in *Younger* makes the requirements announced in *Younger* any less applicable to this case. There is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial. The principles of federalism and comity which underlie *Younger* are present in both. Thus, we conclude that Petitioner must satisfy the *Younger* abstention hurdles before we may give federal habeas relief."

him, if he is in custody pursuant to conviction and has exhausted his state remedies." *See Dickerson*, 816 F.2d at n.16.

Accordingly, the Court should abstain and, consequently, dismiss this claim without prejudice.

### Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Frederick Johnson's petition be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 10th day of March, 2026.

_____

Kayla Dye McClusky
United States Magistrate Judge